IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | CIVIL ACTION NO. 04-1403 |
| Plaintiff, | |
| v. | |
| CARNEGIE TRADING GROUP, LTD., INC., JOHN C. GLASE, REID HENSHAW, AND JOHN HOLLENBAUGH, | |
| Defendants. | |

CONSENT ORDER OF PRELIMINARY INJUNCTION
AND OTHER ANCILLARY RELIEF AGAINST
CARNEGIE TRADING GROUP, LTD., INC., AND JOHN C. GLASE

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), has filed

a Complaint against Carnegie Trading Group, Ltd., Inc. ("Carnegie"), John C. Glase ("Glase"),

Reid Henshaw ("Henshaw"), and John Hollenbaugh ("Hollenbaugh") (collectively

ORIGINAL

"defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2004). Specifically, the Complaint alleges that defendants engaged in fraudulent solicitation of customers in violation of Sections 4b(a)(2)(i) and (iii) and 4c(b) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii)(2001) and Commission Regulations 33.10 and 166.3, 17 CFR §§ 33.10 and 166.3 (2004).

Defendants Carnegie and Glase, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

## THE PARTIES AGREE AND THE COURT FINDS THAT:

1.      This Court has jurisdiction over the subject matter of this action and the defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

2.      Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3.      Defendants enter their appearances and acknowledge receipt of the Summons and Complaint.

4.      Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

2

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

5.     The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6.     "Defendants Carnegie and Glase" includes any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of them, and any person who receives actual notice of this Order by personal service or otherwise, including facsimile, insofar as he or she is acting in concert or participation with them.

## RELIEF GRANTED

## PROHIBITION AGAINST VIOLATIONS OF THE ACT

7.     **IT IS THEREFORE ORDERED** that defendants Carnegie and Glase are restrained and enjoined from directly or indirectly in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof,

3

A.     cheating or defrauding or attempting to cheat or defraud other persons; and willfully deceiving or attempting to deceive other persons in violation of Section 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i) and (iii) (2002) and Commission Regulations 1.1(b)(1) and (3), 17 CFR §§ 1.1(b)(1) and (3) (2004);

B.     cheating or defrauding or attempting to cheat or defraud any other person, or deceiving or attempting to deceive any other person by any means whatsoever in connection with an offer to enter into, the entry of or confirmation of the execution of, any commodity option contract, in violation of Section 4c(b) of the Act and Regulation 33.10(a) and (c), 17 C.F.R. § 33.10(a) and (c);

C.     mentioning the possibility of profit unless accompanied by an equally prominent statement of the risk of loss while engaging in, recommending, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise; and

D.     providing promotional material to customers without first submitting the promotional material to the National Futures Association ("NFA") for review and written approval of the promotional material.

8.     Defendant Glase also is restrained and enjoined from failing to supervise diligently Carnegie's APs in violation of Regulation 166.3, 17 C.F.R. § 166.3.

**PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS**

9.     **IT IS FURTHER ORDERED** that defendants Carnegie and Glase and all persons or entities who receive notice of this Order by personal service or otherwise, including facsimile, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing,

4

altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of defendants Carnegie and Glase.

## ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

10.    **IT IS FURTHER ORDERED** that representatives of the CFTC be allowed, with one day's notice, to inspect the books, records, electronically stored data, tape recordings, computer discs, and other documents of the defendants Carnegie and Glase and their agents including, but not limited to, all such records of their business operations, wherever they may be situated and whether they are in the possession of the defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

11.    The injunctive provisions of this Order shall be binding on defendants Carnegie and Glase, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of them, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with them.

## SERVICE OF ORDER

12.    **IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of John C. Glase, and Carnegie Trading Group, Ltd., Inc., or that may be subject to any provision of this Order.

## BOND NOT REQUIRED OF PLAINTIFF

5

13.    **IT IS FURTHER ORDERED** that Plaintiff CFTC is an agency of the United States of America and, accordingly, no bond need be posted by Plaintiff.

14.    This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**IT IS SO ORDERED.**

DATED: __10|15|04__ , 2004

_____
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:

Dated: __10|15|04__ , 2004

_____
Mark Schlachet
Attorney for John Glase and Carnegie Trading
Group, Ltd., Inc.
1700 North Point Tower
1001 Lakeside Avenue
Cleveland, Ohio 44114
Phone: 216-696-5222
Fax:    216-696-5288

_____
John C. Glase, individually and as
President of Carnegie Trading Group, Ltd.,
Inc.
Defendants
1701 East 12th Street
Cleveland, Ohio 44114

Dated: __10/13__ , 2004

_____
Susan J. Gradman
One of the Attorneys for
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0523
(312) 596-0714 (facsimile)
sgradman@cftc.gov

6

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | **CIVIL ACTION NO.** 1:04CV 1403 |
| **Plaintiff,** | Judge Nugent |
| | Mag. Judge Hemann |
| **v.** | |
| **CARNEGIE TRADING GROUP, LTD., INC., JOHN C. GLASE, REID HENSHAW, AND JOHN HOLLENBAUGH,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

*See Attached Service List*

The undersigned non-attorney certifies that on October 14, 2004 she caused copies of the attached **Consent Order of Preliminary Injunction And Other Ancillary Relief Against Carnegie Trading Group, Ltd., Inc. and John C. Glase** to be served upon all parties and counsel of record to the addresses shown by the method reflected on the attached service list.

ORIGINAL

*Venice Bickham*

*Venice Bickham*
*Paralegal Specialist*

## SERVICE LIST

**COUNSEL FOR PARTIES**
**VIA U.S. Mail**

Mark Schlachet
1700 North Point Tower
1001 Lakeside Ave.
Cleveland, OH 44114
(216) 696-5222
(216) 696-5288 (FAX)
***Attorney for:  Carnegie Trading Group and***
***John Glase***

J. Michael Gatien
2371 Chestnut Hill St. N.W.
N. Canton, Ohio 44720-5866
(330) 494-3302
(330) 494-8624 (FAX)
***Attorney for:  Reid Henshaw***

Reid Henshaw
637 Lincoln Ave.
Barberton, OH 44203

Donald Davis
1 Cascade Plz.
Akron, OH 44308
(330) 762-0700
(330) 762-3963 (FAX)
***Attorney for: John Hollenbaugh***

2