IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>　　　　　　Plaintiff,<br><br>v.<br><br>CARNEGIE TRADING GROUP, LTD., INC., JOHN C. GLASE, REID HENSHAW, AND JOHN HOLLENBAUGH,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 1: 04 CV 1403<br><br>Judge Donald Nugent |

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST JOHN HOLLENBAUGH

Plaintiff, Commodity Futures Trading Commission ("Commission"), filed a Complaint against Defendants Carnegie Trading Group, Ltd., Inc. ("Carnegie"); John C. Glase, Reid Henshaw, and John Hollenbaugh (collectively "Defendants") on July 23, 2004, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2004). On September 10, 2004, the Court entered a Consent Order of Preliminary Injunction and Other

Ancillary Relief Against Reid Henshaw; on October 15, 2004, the Court entered a Consent Order of Preliminary Injunction and Other Ancillary Relief Against Carnegie Trading Group, Ltd., Inc. and John C. Glase, and on January 18, 2005, the Court entered a Consent Order of Preliminary Injunction and Other Ancillary Relief Against John Hollenbaugh.

## I. Consents And Agreements

To effect settlement of the matters alleged in the Complaint against Defendant Hollenbaugh without a trial on the merits or any further judicial proceedings, Defendant Hollenbaugh:

1. Consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief ("Order").

2. Affirms that he has agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Waives:

    (a) the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as set forth below;

    (b) all claims which he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action;

    (c) any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

    (d) all rights of appeal from this Order.

5. Admits the findings of facts and conclusions of law stated herein. No provision of this Order shall in any way limit or impair the ability of any person, including those third-

party beneficiaries designated in Attachment A to this Order, to seek any legal or equitable remedy against Defendant Hollenbaugh or any other person in any other proceeding, including any current or subsequent bankruptcy. Furthermore, the allegations of the Complaint and the findings in this Order shall be taken as true and correct and be given preclusive effect, without further proof for the purpose of any current or subsequent bankruptcy proceeding filed by, or on behalf of, Defendant Hollenbaugh, or any proceeding to enforce this Order, or any other proceeding relating to the fitness of Defendant Hollenbaugh to act in various capacities governed by the Act. Defendant Hollenbaugh shall also provide immediate notice of any bankruptcy filed by, on behalf of, or against him in the manner required by paragraph 6 of Section V of this Order.

6. Agrees that neither he nor any of his agents or employees acting under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendant Hollenbaugh's: i) testimonial obligations; or ii) right to take legal positions in other proceedings to which the Commission is not a party. Defendant Hollenbaugh shall take all necessary steps to ensure that all of his agents understand and comply with this agreement.

7. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

8. Admits that this Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

9. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 in that Defendant Hollenbaugh is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

## II. Findings of Fact

The Court hereby makes the following findings of fact:

1. Defendant Hollenbaugh was registered as an associated person ("AP") of Carnegie and worked two stints with Carnegie. He first worked in Carnegie's Barberton, Ohio branch office from September 1999 to February 2001, when he left to join another commodity futures trading firm. Hollenbaugh rejoined Carnegie as an AP in July 2002 and was the manager of Carnegie's Canal Fulton, Ohio branch office from July 2002 until September 2003, when the office closed, and Hollenbaugh voluntarily withdrew his AP registration.

2. During the relevant time, Hollenbaugh was employed by Carnegie and solicited customers for Carnegie out of its branch office in Canal Fulton, Ohio. Carnegie employees, including Hollenbaugh, solicited customers through cold-calls to names on lead-lists to trade futures and options on futures at two futures commission merchants ("FCM") pursuant to their trade recommendations.

3. When soliciting new customers or additional trades from existing customers, Hollenbaugh made representations and/or instructed other APs to make representations such as the following:

- that with a certain trading program offered by Carnegie, customers were guaranteed that they would break even or make a profit. Additionally, those customers were not

4

informed that the trades might require significant margins calls in addition to the initial costs of establishing the trade positions; and

- that in connection with other trade recommendations that he and other APs were making to potential or existing customers, he expected market moves that would result in 10% to 20% profits within two to six weeks.

4. Hollenbaugh had no basis for making these profit claims because he knew or recklessly disregarded that:

- the futures market is highly speculative and the likelihood of realizing the described profits within the described time periods was remote at best, rather than highly likely;

- the customers who accepted the recommendations from Hollenbaugh and other APs did not realize the described profits within the described time periods; and

- from one year to the next during each of the last seven years approximately 74.26% to 94.29% of customers who traded lost money, including more than 90% of the customers of Hollenbaugh and the other APs.

A. **Hollenbaugh and Others Failed to Advise Customers That The Vast Majority of Their Customers Lost Money Trading**

5. Hollenbaugh and others touted substantial profit potentials to customers and potential customers, but never disclosed to them that from one year to the next approximately 74.26% to 94.29% of customers lost money trading in their accounts. At least thirty (38) customers traded solely based upon Hollenbaugh and others' trade recommendations and thirty-six (36) of those customers lost money.[1] Hollenbaugh and others knew of or recklessly

---

[1] Some customers traded solely based upon trade recommendations from employees, while other customers only traded in part based upon such recommendations. Finally, some customers never used recommendations to trade their accounts.

5

disregarded these results, but never disclosed them to customers and potential customers. Additionally, approximately 95% of Hollenbaugh's customers who traded during the relevant time lost money. Hollenbaugh knew of or recklessly disregarded this information and did not disclose it to his customers and potential customers.

### B. Hollenbaugh and Others Represented That Their Recommended Trades Could Make Large Profits Within Short Periods of Time.

5. Hollenbaugh and others, solicited orders by providing trade recommendations to many customers. As branch manager of Carnegie's Canal Fulton branch office, Hollenbaugh typically conferred with another on a daily basis to decide what trade recommendations to provide to customers. Generally, Hollenbaugh gave the APs in the Canal Fulton office the trade recommendations and they would provide them to their customers. Hollenbaugh represented to customers that recommended trades would likely be profitable or had potential to earn the customer specific dollar amounts or percentages of profit within short periods of time. According to Hollenbaugh and others, the alleged basis for these representations was that there had been certain recent price movements in the recommended commodity or a general analysis of price charts and news. However, Hollenbaugh did not maintain a trading performance record for the Carnegie recommendations or any record at all of the recommendations he and others provided to customers.

6. Hollenbaugh and another Carnegie employee told at least eight customers, that their trade recommendations could generate substantial profits within short periods of time from November 1999 to November 2002. For example, one customer stated that Hollenbaugh told him that he could make $25,000 on a $5,000 investment within a few weeks if he followed his trade recommendations regarding soybean options on futures. The customer traded pursuant to Hollenbaugh's trade recommendations and lost the majority of his investment. Hollenbaugh

6

knew or recklessly disregarded the fact that his representation to the customer that he could earn considerable profits from these and similar recommendations within short periods of time was false.

### III. Conclusions of Law

1.  From at least February 1997 through December 2003, Defendant Hollenbaugh cheated or defrauded or attempted to cheat or defraud and willfully deceived or attempted to deceive customers and prospective customers in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i)-(iii)(2002), by (1) exaggerating the magnitude and likelihood of potential profit and downplaying the risk of loss to customers; (2) failing to inform customers and potential customers that from one year to the next approximately 74.26% to 94.29% of customers who traded during the relevant time closed their accounts at a loss while making contemporaneous claims that, as customers, they could earn substantial profits; and (3) representing to customers that their trade recommendations could result in large profits within short periods of time when he knew or recklessly disregarded that his representations were false.

2.  During the relevant time period, Defendant Hollenbaugh violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulations 33.10, 17 C.F.R. § 33.10 in that he cheated or defrauded or attempted to cheat or defraud or deceived or attempted to deceive customers and prospective customers in connection with commodity options transactions by (1)exaggerating the magnitude and likelihood of potential profit and downplaying the risk of loss to customers; (2) failing to inform customers and potential customers that from one year to the next approximately 74.26% to 94.29% of customers who traded during the relevant time lost money; (3) representing to customers that his trade recommendations could result in large profits

within short periods of time when he knew or recklessly disregarded that these representations were false.

### IV. Order For Permanent Injunction

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendant Hollenbaugh is permanently restrained, enjoined and prohibited from directly or indirectly

A. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act; 7 U.S.C. § 6b(a)(2)(i) and (iii);

B. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transactions, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) and Commission Regulation 33.10, 17 C.F.R. § 33.10;

2. Defendant Hollenbaugh is permanently restrained, enjoined and prohibited from directly or indirectly:

A. Engaging in, controlling directing or accepting funds for the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

B. Entering into any commodity futures or options transactions for his own accounts, for any accounts in which he has a direct or indirect interest and/or having any commodity futures or options traded on his behalf; and

C. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R § 4.14(a)(9), or acting as a principal, agent, officer or employee of any person registered, exempted from registration, or required to be registered with the Commission unless such exemption is pursuant to Commission Regulation 4.14(a)(9).

### V. Order For Other Equitable Relief

**IT IS FURTHER ORDERED THAT:**

1. <u>Restitution</u>: Upon entry of this Order a judgment is entered against Hollenbaugh in the total amount of $138,010.99 plus post-judgment interest thereon for restitution to customers listed in Attachment A hereto. Hollenbaugh shall be jointly and severally liable with Henshaw for $84,972.76 and liable for $53,038.23 of that amount. If Glase and Carnegie are found liable, Hollenbaugh will be jointly and severally liable with them for $138,010.99. Hollenbaugh's $84,872.76 restitution obligation for which he is jointly and severally liable with Henshaw shall be offset by any restitution made by Defendant Henshaw to customers listed in attachment A. If Carnegie and Glase are found liable, Hollenbaugh's total restitution obligation shall be offset by any restitution made by them to customers listed in attachment A. In any event, Hollenbaugh shall not pay total restitution of more than $138,010.99 plus post-judgment interest thereon. Interest after the date of this Order until the restitution is paid in full shall be paid at the post-judgment interest rate set forth in 28 U.S.C. § 1961. Listed in Attachment A are the names of the customers to whom restitution shall be made pursuant to this paragraph, together with the total amount of restitution payable by Defendant Hollenbaugh to each of them (not including required interest) and the <u>pro rata</u> distribution percentage by which each customer shall be paid. All payments made pursuant to this Order by Defendant Hollenbaugh shall be made to the customers listed on Attachment A for restitution on a <u>pro rata</u> basis until those amounts (including interest) are fully satisfied. All payments after satisfaction of the restitution obligation shall be applied to the civil monetary penalty amount described below.

2. <u>Civil Monetary Penalty Amount</u>: Upon entry of this Order Defendant Hollenbaugh is liable for and a judgment is entered against him in the amount of $50,000 as a civil monetary penalty. Defendant Hollenbaugh shall pay such civil monetary penalty by

9

electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, or her successor, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, under cover of a letter that identifies Defendant Hollenbaugh and the name and docket number of the proceeding; Defendant Hollenbaugh shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, D.C. 20581.

3. <u>Cooperation</u>: Hollenbaugh shall cooperate fully with the CFTC in this proceeding and in any investigation, civil litigation and administrative proceeding related to this proceeding by, among other things: 1) responding promptly, completely, and truthfully to any inquiries or requests for information; 2) authenticating documents; 3) testifying completely and truthfully; and 4) not asserting privileges under the Fifth Amendment of the United States Constitution.

4. <u>Third-Party Beneficiaries</u>: Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of the customers identified in Attachment A are explicitly made an intended third-party beneficiary of this Order and each customer identified in Attachment A may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution amounts which have not been paid by Defendant Hollenbaugh, to ensure continued compliance with any provision of this Order and to hold Hollenbaugh in contempt for any past violations of any provision of this Order.

5. <u>Collateral Agreements</u>: Defendant Hollenbaugh shall immediately notify the Commission if he makes or has previously made any agreement with any customer obligating him to make payments outside of this Order. Defendant Hollenbaugh shall also provide

immediate evidence to the Court and to the Commission of any payments made pursuant to such agreement.

6.  Scope of Injunctive Relief: The injunctive provisions of this Order shall be binding on Defendant Hollenbaugh, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendant Hollenbaugh, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendant Hollenbaugh.

7.  Notices: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

> Regional Counsel
> Division of Enforcement - Central Region
> Commodity Futures Trading Commission
> 525 West Monroe Street, Suite 1100
> Chicago, Illinois 60661

Notice to Defendant Hollenbaugh:

> Donald Davis
> Slater, Zurz & Gilbert
> One Cascade Plaza, Suite 2210
> Akron, OH 44308-1135

In the event that the Defendant changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of the new number(s) and/or address(es) to the Commission within twenty (20) calendar days thereof.

8.  Entire Agreement and Amendments: This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

9. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be construed as a further or continuing waiver of a breach of any other provision of this Order.

10. <u>Jurisdiction</u>: This Court shall retain jurisdiction of this cause to assure compliance with this Consent Order and for all purposes related to this action.

**IT IS SO ORDERED.**

Dated: December 14, 2005

_____
The Honorable Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:

Dated: June 6, 2005

Dated: Dec. 6, 2005

_____
Donald Davis
Attorney for John Hollenbaugh
Slater, Zurz & Gilbert
One Cascade Plaza, Suite 2210
Akron, OH 44308-1135

_____
Susan J. Gradman
One of the Attorneys for
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0523
(312) 596-0714 (facsimile)
sgradman@cftc.gov

_____
John Hollenbaugh
Defendant
13489 Sousa Street NW
North Lawrence, Ohio 44666

12

## ATTACHMENT A
### CFTC v Carnegie Trading Group, Ltd., Inc., et al.
### RESTITUTION SCHEDULE FOR JOHN HOLLENBAUGH

| CUSTOMER NAME | TOTAL OWED TO CUSTOMERS: $138,010.99 | PRORATED DISTRIBUTION AMOUNT |
|---|---|---|
| Deyoung, Richard | $30,521.75 | 22.12% |
| Herner, Christopher | $4,000.00 | 2.90% |
| Hoyt, Michael | $26,835.27 | 19.44% |
| Media Solutions | $6,371.48 | 4.62% |
| Mercer, Johnny | $46,766.75 | 33.89% |
| Tucker, Clarence & Melissa | $8,933.96 | 6.47% |
| Vanhoy, Thomas | $14,581.78 | 10.57% |
| TOTALS: | $138,010.99 | 100.00% |